UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEMETRIUS BROWNRIDGE,

Plaintiff,

v.

HUTCHINGS, *et al.*,

Defendants.

Case No. 2:23-cv-01890-MMD-EJY

ORDER

I.    **SUMMARY**

After screening under 28 U.S.C. § 1915A, the Court permitted Plaintiff Demetrius Brownridge to proceed on a claim alleging Eighth Amendment conditions of confinement arising from Plaintiff's temporary housing arrangement. (ECF No. 6.) Before the Court is Defendant William Hutching's motion for summary judgment. (ECF No. 27 ("Motion")[1].) For the reasons discussed below, the Court grants the Motion.

II.    **RELEVANT BACKGROUND**[2]

Plaintiff sues Warden Hutchings for alleged conditions in a temporary housing unit at Southern Desert Correctional Center ("SDCC") between December 8, 2021 and December 13, 2021. (ECF No. 5-1 at 1-4.) Plaintiff was housed at SDCC in Unit 5. (*Id.* at 3.) On December 8, 2021, a fire in Unit 5 led to the transfer of inmates, including Plaintiff, to Unit 7, which was unoccupied at the time. (*Id.*; ECF No. 27 at 2.) Plaintiff was housed in Unit 7 until December 13, 2021. (ECF No. 5-1 at 4.)

---

[1]Plaintiff failed to respond to the Motion. Defendant filed an errata to include Exhibit F. (ECF No. 32.) Defendant also filed a motion to file Exhibit E to his Motion under seal because that exhibit contains Plaintiff's medical records. (ECF No. 28.) The Court grants the motion to seal because Defendant has demonstrated compelling reasons supporting sealing. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

[2]The following facts, adapted from the Complaint and Defendant's Motion, are undisputed unless otherwise noted.

Plaintiff's claims are based on the conditions at Unit 7. As pertinent to the aspect of the claim that survives screening, Plaintiff alleges that Unit 7 was filled with mold and rodent feces, which adversely affected his respiratory system.[3] (*Id.* at 4.) Plaintiff also alleges that water from the faucet was not clean and that the sink, faucet, and toilet were filthy. (*Id.*) He further alleges lack of heating, requiring him to sleep fully clothed. (*Id.* at 5.)

In his Motion, Defendant offered evidence to dispute Plaintiff's allegations as to his knowledge of the unsanitary conditions and heating issues. Warden Hutchings and others inspected Unit 7 and found that, other than a low water pressure issue that was corrected, Unit 7 had no other issues. (ECF No. 27 at 2-3; ECF No. 27-2 at 3.)

**III.    DISCUSSION**

Defendant argues that because the emergency situation in Unit 5 necessitated housing Plaintiff along with other inmates in Unit 7 temporarily for five days, and because the undisputed evidence shows that Defendant inspected and corrected the only identified issue in Unit 7, Plaintiff cannot show deprivation under the objective prong of his Eighth Amendment conditions of confinement claim.[4] The Court agrees with Defendant.

When challenging conditions of confinement, a plaintiff must make two showings. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the plaintiff must make a "subjective" showing that the prison official acted "with a

---

[3]Defendant offers Plaintiff's medical records to show he received medical treatment on December 13, 2021, complaining of symptoms including headaches, coughs, and vomiting, that started after December 8, 2021, and had no further indication that Plaintiff suffered any other adverse effects from his time in Unit 7. (ECF No. 27 at 3; ECF No. 29-2 at 39.)

[4]Defendant argues that Plaintiff cannot meet the subjective prong of his claim and that he is entitled to qualified immunity. (ECF No. 27 at 5, 7-9.) Because the Court agrees with Defendant as to the objective prong of Plaintiff's claim, the Court need not address the other arguments.

2

sufficiently culpable state of mind." *Id.* As for the objective prong, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). "[T]he deprivation alleged must be, objectively, sufficiently serious" and "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). And when considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

Here, Plaintiff alleges unsanitary conditions (i.e., rodent feces, mold, dead insects, unclean sink and toilet) and lack of heating in the unit where he was housed temporarily for five days. (ECF No. 5-1 at 3-5.) In seeking summary judgment, Defendant offered evidence to show that Defendant and others investigated the conditions at Unit 7 and found Unit 7 "was running well with no other issues that needed correction," except for a low water pressure issue, which was corrected. (ECF No. 27-2 at 3.) Defendant has met his burden on summary judgment to show the conditions were not objectively serious. The burden then shifts to Plaintiff, who failed to respond to create a genuine issue of fact for trial.[5] Accordingly, the Court finds that Defendant has met his burden on summary judgment and will grant the Motion.

## IV.    CONCLUSION

The Court notes that Defendant made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion, as they do not affect the outcome of Defendant's Motion.

---

[5]The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 27) is granted.

It is further ordered that Defendant's motion for leave to file Exhibit E to his Motion under seal (ECF No. 28) is granted.

The Clerk of the Court is kindly directed to enter judgment in Defendant's favor and close this case.

DATED THIS 30th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE